# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIAM FIELDS,
    Plaintiff

vs

DAVID HALL, et al.,
    Defendants

Case No. 1:08-CV-754

Weber, J.

**ORDER**

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against David Hall, a specialist with the Cincinnati, Ohio Police Department; former Hamilton County, Ohio Municipal Court Judge Elizabeth Mattingly; Hamilton County, Ohio Common Pleas Court Judge Norbert Nadel; Hamilton County Prosecutor Joseph Deters; and Jerome P. Stineman, Esq. Plaintiff alleges that on June 6, 2006, defendant Hall obtained a search warrant from defendant Judge Mattingly based on false, incomplete, and unreliable information from a confidential informant to search a residence at which plaintiff and a female companion were found. Plaintiff alleges that neither he nor his female companion were shown a copy of the search warrant. As a result of the search, drugs, drug paraphernalia, and a weapon were found. Plaintiff initially denied any

knowledge of the drugs or weapon, but later admitted to possession of the drugs and other contraband after allegedly being threatened by defendant Hall. Plaintiff alleges that the threats from defendant Hall were based on plaintiff's inter-racial relationship with his female companion. Plaintiff was subsequently arrested and indicted on charges of possession of cocaine, trafficking in cocaine, and having a weapon while under disability.

Plaintiff alleges that defendant Stineman, his defense attorney, conspired with defendants Deters and Judge Nadel to compel plaintiff to plead guilty to the charges. Plaintiff further alleges that defendant Deters "altered plaintiff's alleged confession" in presenting evidence to the grand jury to give the impression that plaintiff was guilty of the crimes alleged. (Complaint at 9, ¶21). Plaintiff further alleges that Deters conspired with defendant Hall to twist the evidence to hide the racially motivated search and arrest. Plaintiff also alleges that his defense counsel provided ineffective assistance of counsel in violation of plaintiff's constitutional rights. Plaintiff additionally alleges that defendant Judge Nadel failed to incorporate a mandatory fine as part of the plea agreement which rendered his conviction void. Plaintiff alleges that he suffered severe emotional pain and suffering due to the defendants' actions. He seeks an order directing that he be given a new trial, a declaration that his rights were violated, and monetary relief.

Plaintiff's complaint against Judges Mattingly and Nadel must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997), *cert. denied,* 523 U.S. 1075 (1998). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing

3

judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985).

Judge Mattingly's issuance of a search warrant is a function normally performed by a judge. *See Burns v. Reed*, 500 U.S. 478, 492 (1991) ("issuance of a search warrant is unquestionably a judicial act") (citing *Stump v. Sparkman*, 435 U.S. 349, 363, n. 12 (1978)). Even if Judge Mattingly issued a search warrant based on false or misleading information, as alleged in plaintiff's complaint, the judge would still be entitled to absolute immunity unless she acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57 (citation omitted). *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are no allegations that defendant Mattingly was without the authority to issue the search warrant in this case.

Likewise, Judge Nadel is protected by absolute judicial immunity because the acceptance of plaintiff's guilty plea is a judicial action. *See Williams v. Secor*, 95 F.3d 1153 (6th Cir. 1996) (unpublished), 1996 WL 469151, *1 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 11-12). Even though plaintiff's complaint suggests that Judge Nadel conspired with the prosecutor and defense counsel to induce plaintiff into pleading guilty, such action would not deprive Judge Nadel of absolute judicial immunity:

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. As explained by the Sixth Circuit:
> If the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. For example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction.

4

*Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir.), *cert. denied*, 522 U.S. 996 (1997) (internal citations omitted).

Here, the criminal matter over which Judge Nadel presided is a matter over which the Hamilton County Court of Common Pleas has subject matter jurisdiction. Since the Court of Common Pleas has "some subject matter jurisdiction" over criminal cases such as plaintiff's, Judge Nadel is afforded absolute immunity in this case. *DePiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000). Therefore, the complaint against Judges Mattingly and Nadel is dismissed.

Plaintiff's complaint against defendant Deters must also be dismissed because it seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986), *cert. denied* 481 U.S. 1048 (1987). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Absolute immunity extends to actions involving the prosecutor's role as advocate for the State and "include[s] the professional

5

evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley*, 509 U.S. at 273.

Plaintiff's claims against defendant Deters are barred by absolute immunity. *Imbler*, 424 U.S. at 430. Plaintiff alleges that defendant Deters conspired with the judge and defense counsel and presented misleading evidence to the grand jury. Since plaintiff's claims against defendant Deters relate to his conduct before the grand jury and as an advocate for the State during plea negotiations, the conduct in question falls squarely under the prosecutorial absolute immunity bar recognized in *Imbler* and *Buckley*.

Plaintiff's complaint also fails to state a claim for relief under section 1983 against defendant Stineman. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, defendant Stineman was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendant Stineman.

To the extent plaintiff seeks relief in the form of a new criminal trial geared towards an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action. Plaintiff is directed to file a petition for writ of habeas corpus after he has exhausted his state court remedies. *Hadley*, 753 F.2d at 516.

Plaintiff's damages claims against defendant Hall and the other defendants is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment rendered in an inmate's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless the inmate has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

In this case, a judgment in favor of plaintiff on any claim stemming from the state criminal proceedings against him, including a claim challenging the constitutionality of the search warrant and evidence obtained thereby, would necessarily imply that his conviction and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action. *See Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). *See*

7

*also Washington v. Stressman*, 57 Fed. Appx. 645 (6th Cir. 2003) (unpublished), 2003 WL 244825 (*Heck* barred prisoner's § 1983 claim against police officers alleging officers acted in derogation of prisoner's Fourth Amendment rights by obtaining and executing the search warrant for his residence); *Martin v. Henry*, 2006 WL 2266250, *4 (S.D. Ohio 2006) (challenge to lawfulness of search and resulting arrest based on allegedly improper warrant barred by *Heck*).

To the extent plaintiff's complaint may allege a claim of race discrimination in violation of the Fourteenth Amendment against defendant Hall, that claim must be dismissed as frivolous because the claim is barred by the applicable two-year statute of limitations governing section 1983 actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (two-year statute of limitations applies to § 1983 claims brought in U.S. District Courts in Ohio); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (same). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury or when he should have discovered it through the exercise of reasonable diligence. *Id.* In the instant case, plaintiff's cause of action accrued on June 6, 2006, the date he alleges defendant Hall executed the search warrant and arrested plaintiff based on his "inter-racial" relationship. The statute of limitations expired June 6, 2008, two years later. Plaintiff's complaint was presented to the Court for filing on October 27, 2008, over four months too late. Therefore, plaintiff's claim is barred by the statute of limitations.

When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate. *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995). *See Watson v. Wayne County*, 90

8

Fed. Appx. 814, 815 (6th Cir. 2004); *Norwood v. Michigan Department of Corrections*, 67 Fed. Appx. 286, 288 (6th Cir. 2003). *See also Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) ("Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred the by the applicable statute of limitations."). Accordingly, plaintiff's Fourteenth Amendment claim must be dismissed as frivolous.

Finally, plaintiff alleges that the defendants' actions violated the state law of Ohio. The Court declines to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims are dismissed without prejudice for lack of jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that it seeks monetary relief from defendants who are immune from such relief, fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and is frivolous. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 2/3/09

Herman J. Weber, Judge
United States District Court